Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| ALEXANDRA COBIAN SALAS EN REPRESENTACIÓN Y COMO MADRE CON PATRIA POTESTAD DE LA MENOR ABC<br><br>Parte Recurrida<br><br>v.<br><br>MARIE LYNN QUIÑONES TAÑÓN EN REPRESENTACIÓN Y COMO MADRE CON PATRIA POTESTAD DE LA MENOR EVQ<br><br>Parte Peticionaria | TA2025CE00489<br><br>CONSOLIDADO<br><br>TA2025CE00518 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: OPA-2025-056868<br><br>Sobre: Violencia Doméstica (Ley Núm. 54) |

Panel integrado por su presidente, el Juez Rodríguez Flores, la Jueza Díaz Rivera y el Juez Cruz Hiraldo.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Comparece ante *nos* Marie Lynn Quiñones Tañón en representación y como madre con patria potestad de la menor EVQ (peticionaria), en el recurso TA2025CE00489 y nos solicita que revisemos y revoquemos una *Resolución* emitida y notificada el 19 de septiembre de 2025. Mediante dicho dictamen, el Tribunal de Primera Instancia (TPI o foro primario), declaró *No Ha Lugar* la *Solicitud de Nulidad de la Orden de Protección por Falta de Jurisdicción* que presentó la parte peticionaria.

Asimismo, la parte peticionaria presentó el recurso TA2025CE00518 y nos solicita que revisemos y revoquemos una *Orden de Protección* emitida y notificada el 27 de agosto de 2025.

**I.**

Este caso tiene su génesis, en una *Orden de Protección Ex Parte* expedida el 15 de julio de 2025 al amparo de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada (8 LPRA sec. 601 *et seq.*), conocida como Ley para la Prevención e Intervención con la Violencia Doméstica, en contra de la menor EVQ. Luego de varios incidentes procesales, el 27 de agosto de 2025, se llevó a cabo la Vista en su Fondo. En igual fecha, el foro primario expidió una *Orden de Protección* por el término de tres (3) meses.

Así las cosas, el 8 de septiembre de 2025, la peticionaria presentó una *Solicitud de Nulidad de la Orden de Protección por Falta de Jurisdicción.* En esta, alegó que el TPI carecía de jurisdicción sobre la materia para expedir una orden de protección al amparo de la Ley Núm. 54, *supra,* y por no llevar a cabo los procedimientos conforme a la Ley Núm. 88 de 9 de julio de 1986, según enmendada (34 LPRA sec. 2201 *et seq.*) conocida como la Ley de Menores de Puerto Rico, por ser la controversia entre dos menores de edad.

Posteriormente, el 15 de septiembre de 2025, Alexandra Cobián Sala en representación y como madre con patria potestad de la menor ABC (recurrida), presentó una *Oposición a Solicitud de Nulidad de Orden de Protección.* Subsiguientemente, el 17 de septiembre de 2025, la parte peticionaria presentó una *Réplica a Oposición a Solicitud de Nulidad de Sentencia.* Oportunamente, el 19 de septiembre de 2025, el foro primario emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Solicitud de Nulidad de la Orden de Protección por Falta de Jurisdicción* que presentó la parte peticionaria.

Inconforme, el 23 de septiembre de 2025, la parte peticionaria compareció ante *nos* mediante un *Recurso de Certiorari* al cual se le asignó el alfanumérico TA2025CE00489 y alegó la comisión del siguiente error:

**ERRÓ EL TPI AL APLICAR LA LEY 54 SOBRE VIOLENCIA DOMÉSTICA EN VEZ DE LA LEY DE MENORES DE PUERTO RICO CUANDO AMBAS PARTES SON DOS (2) MENORES DE EDAD DE QUINCE (15) Y DECISÉIS (16) AÑOS, LO QUE CONLLEVA LA NULIDAD DE LOS PROCEDIMIENTOS POR FALTA DE JURISDICCIÓN SOBRE LA MATERIA; LO ANTERIOR A TENOR CON EL ART. 1 DE LA LEY DE MENORES DE PUERTO RICO.**

Además, junto al recurso TA2025CE00489 la peticionaria anejó una *Urgente Solicitud en Auxilio de Jurisdicción en Virtud de la Regla 79 del Reglamento del Tribunal de Apelaciones.* Mediante esta, la parte peticionaria solicitó que se suspendan de forma urgente los efectos de la *Orden de Protección* emitida al amparo de la Ley Núm. 54, *supra.* Así, sostuvo que dicha *Orden de Protección,* fue dictada contra una menor de dieciséis (16) años a instancias de la menor ABC de quince (15) años. Asimismo, planteó que el TPI, actuó sin jurisdicción al extender los remedios de la Ley Núm. 54, *supra*, a menores de edad, pese a que la Legislatura ha rechazado expresamente enmiendas para incluirlos. Añadió que, de mantenerse la *Orden de Protección* será privada por meses de su derecho constitucional a la educación y sometida a un proceso impropio, lo cual le ocasionaría un daño irreparable y tornaría académico el *Recurso de Certiorari.*

Ese mismo día, emitimos una *Resolución* mediante la cual le concedimos a la parte recurrida hasta el 26 de septiembre de 2025, a las 5:00 p.m., para fijar su posición a la solicitud de auxilio de jurisdicción.

En cumplimiento con nuestra directriz, el 26 de septiembre de 2025, la parte recurrida presentó una *Oposición a Urgente Solicitud en Auxilio de Jurisdicción [...].* En la misma, acentuó que las protecciones de la Ley Núm. 54, *supra*, aplican a menores de dieciocho (18) años, sean estos agresores o víctimas, y que su falta de capacidad puede ser suplida por la representación de sus padres,

como ocurre en el caso de autos. Además, arguyó que en la solicitud de auxilio de jurisdicción la peticionaria no ha elaborado porque la *Orden de Protección* le ocasiona un daño irreparable. Sostuvo que, en más de una ocasión el TPI ha ordenado que la institución educativa cumpla con el mandato emitido, pero no ha impedido que se establezcan medidas para que la menor pueda recibir una educación adecuada.

Estando pendiente de adjudicación el caso TA2025CE00489, el 26 de septiembre de 2025, la parte peticionaria presentó un segundo *Recurso de Certiorari* en el alfanumérico TA2025CE00518, cuya consolidación hemos ordenado, y planteó la comisión del siguiente error:

> **ERRÓ EL TPI AL EXPEDIR UNA ORDEN DE PROTECCIÓN POR TRES (3) MESES EN VIRTUD DE LA LEY 54 CONTRA LA PETICIONADA-APELANTE CUANDO DEL TESTIMONIO DE LA PETICIONARIA-APELADA NO SE DESPRENDE LA EXISTENCIA DE HECHOS CONSTITUTIVOS DE INTIMIDACIÓN Y MUCHO MENOS VIOLENCIA DOMÉSTICA Y/O PSICOLÓGICA REQUERIDA POR LA REFERIDA LEY. LO ANTERIOR CONSTITUYE UN ERROR MANIFIESO EN LA APRECIACIÓN DE LA PRUEBA REQUIRIENDO LA INTERVENCIÓN DE UN TRIBUNAL DE MAYOR JERARQUÍA.**

Luego de varios incidentes procesales, innecesarios pormenorizar, el 14 de octubre de 2025, el profesor de Derecho Constitucional Rafael Cox Alomar presentó una *Comparecencia Amicus Curiae en Defensa de la Posición Esbozada por la Menor EVQ.* Ese mismo día, la parte recurrida presentó un *Enérgico y Urgente Escrito en Solicitud de que se Hagan Valer las Órdenes Emitidas por esta Curia […].* Además, presentó un *Escrito en Cumplimiento de Orden y Oposición a Expedición de Auto.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o

peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**B. Ley Núm. 54-1989**

La Exposición de Motivos de la Ley Núm. 54, *supra*, establece que: "[l]a violencia doméstica es un comportamiento antisocial que constituye un serio problema para la familia puertorriqueña. Se trata del maltrato físico y emocional que sufre una persona a manos de su cónyuge o ex-cónyuge, o a manos de una persona con quien sostiene o ha sostenido una relación íntima".

A esos efectos, el Artículo 2.3 de la Ley Núm. 54 (8 LPRA sec. 23) establece que:

> [c]ualquier persona mayor de edad, de dieciocho (18) años o más de edad, podrá solicitar los remedios civiles que establece este Artículo para sí, o a favor de cualquiera otra persona cuando ésta sufra de incapacidad física o mental, en caso de emergencia o cuando la persona se encuentre impedida de solicitarla por sí misma.
>
> **También podrán solicitar los remedios civiles que establece este Artículo, los padres, madres y los hijos o hijas mayores de edad, a favor de sus hijos o hijas y madres o padres que son o han sido víctimas de violencia doméstica o de conducta constitutiva de delito según tipificado en esta Ley. En estos**

> **casos, los padres, madres y los hijos o las hijas mayores de edad, deberán haber presenciado los actos de violencia doméstica; o que la víctima haya confiado o revelado a éstos que ha sido víctima de actos constitutivos de violencia doméstica.** Dicha solicitud deberá ser bajo juramento y deberá incluir que el solicitante informó a la víctima, previo al comienzo del proceso de solicitud, de su intención de solicitar la orden de protección a su favor.
>
> Un patrono podrá solicitar una orden de protección a favor de las empleadas, empleados, visitantes y cualquier otra persona que se encuentre en su lugar de trabajo si una de sus empleadas o empleados es o ha sido víctima de violencia doméstica o de conducta constitutivos de violencia doméstica han ocurrido en el lugar de trabajo. (Énfasis nuestro).

### III.

En el recurso TA2025CE00489, la peticionaria esgrimió que erró el TPI al aplicar la Ley Núm. 54, *supra*, sobre violencia doméstica en lugar de la Ley de Menores de Puerto Rico, *supra*, cuando ambas partes son dos (2) menores de edad de quince (15) y dieciséis (16) años, lo que conlleva la nulidad de los procedimientos por falta de jurisdicción sobre la materia, lo anterior a tenor con el Artículo 1 de la Ley de Menores de Puerto Rico, *supra.* No le asiste la razón.

De una lectura concienzuda del Artículo 2.3 de la Ley Núm. 54, *supra*, se desprende, claramente, que:

> los padres, madres y los hijos o hijas mayores de edad, a favor de sus hijos o hijas y madres o padres que son o han sido víctimas de violencia doméstica o de conducta constitutiva de delito según tipificado en esta Ley [podrán solicitar una orden de protección]. En estos casos, los padres, madres y los hijos o las hijas mayores de edad, deberán haber presenciado los actos de violencia doméstica; o que la víctima haya confiado o revelado a éstos que ha sido víctima de actos constitutivos de violencia doméstica.

Es decir, a tenor con el citado Artículo 2.3 la falta de capacidad de un menor, por no haber cumplido dieciocho (18) años, puede ser suplida por su padre o madre, quienes en su representación pueden solicitar los remedios civiles establecidos en la Ley Núm. 54, *supra*. Por consiguiente, las protecciones de la Ley Núm. 54, *supra*, aplica a menores de dieciocho (18) años, sean estos agresores o víctimas.

De otro lado, con relación al caso alfanumérico TA2025CE00518, la parte peticionaria manifestó que erró el TPI al expedir una *Orden de Protección* en su contra por tres (3) meses en virtud de la Ley Núm. 54, *supra*, cuando del testimonio de la recurrida no se desprende la existencia de hechos constitutivos de intimidación y violencia doméstica y/o psicológica requerida por la referida ley. Así, señaló que lo anterior constituye un error manifiesto en la apreciación de la prueba requiriendo la intervención de un tribunal de mayor jerarquía.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra*. No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra*.

Así pues, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra*. A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar cuidadosamente el recurso presentado por la parte peticionaria, y luego de una revisión de la totalidad del expediente ante *nos*, específicamente de la *Orden de Protección* recurrida, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Así, los fundamentos aducidos en el recurso

TA2025CE00518, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Resolución* emitida y notificada el 19 de septiembre de 2025, de la cual se recurre en el recurso TA2025CE00489 y denegamos el auto de *certiorari* en el recurso TA2025CE00518.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones